IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SANDRA JONES,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV212-025

MARY MIDDLETON, Probate Judge;
ROBERT C. WALKER, Chairman,
Long County Board of Commissioners;
DAVID RICHARDSON, Vice Chairman,
Long County Board of Commissioners;
CLIFTON DeLOACH; WALLACE
SHAW; JOEL FULLER, Commissioners;
CRAIG NOBLES, Sheriff; and
ROBERT BERRY, Chief Deputy.

    Defendants.

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff Sandra Jones ("Plaintiff"), a domiciliary of Delaware, filed an action pursuant to 28 U.S.C. § 1332, 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), and 18 U.S.C. § 1964(c)[1] against Long County, Georgia, and several Long County employees. Plaintiff also filed an Application to Proceed in forma pauperis. A plaintiff seeking to proceed in forma pauperis must comply with the mandates of 28 U.S.C. § 1915, which states, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997),

---

[1] Plaintiff does not assert that her cause of action is brought pursuant to 18 U.S.C. § 1964(c), but by necessity § 1964(c) is implicated because it is the provision that bestows a private cause of action upon persons injured by reason of a violation of § 1962.

AO 72A
(Rev. 8/82)

the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490.

Plaintiff alleges that the Defendants have knowingly devised an employment scheme which unjustly enriches the Defendants and their families and friends. Plaintiff states that the alleged nepotism has resulted in conflicts of interest, fraud upon Long County tax payers, and deprivation of residents' rights to "honest services" from their local government. Plaintiff's chief allegations of nepotism are the appointment of Craig Nobles as sheriff and the hiring of Middleton's[2] wife, daughter, and niece. Plaintiff names as Defendants: Mary Middleton, Long County Probate Judge; Craig Nobles, Sheriff; and Robert Berry, Chief Deputy. Plaintiff also names as Defendants members of the Long County Board of Commissioners: Robert C. Walker, Chairman; David Richardson, Vice Chairman; Clifton DeLoach; Wallace Shaw; and Joel Fuller. Finally, Plaintiff names Long County, Georgia, as a Defendant.

A plaintiff must set forth "a short and plain statement of the claim showing that [she] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff states that her cause of action is brought pursuant to 28 U.S.C. § 1332 for violations of O.C.G.A. §§ 45-10-1 and 45-10-80 based on nepotism by the Defendants. The Court of Appeals for the Eleventh Circuit has recognized that "Georgia courts may recognize a cause of action" when the Georgia legislature has not specifically provided for one; however, the Eleventh Circuit

---

[2] Plaintiff refers to Middleton as the Long County Clerk of Court, so it is unclear whether this is the same person as Long County Probate Judge Mary Middleton, a named Defendant.

2

is "reluctant to read private rights of action in state laws where state courts and state legislatures have not done so." Anthony v. American General Financial Services, Inc., 583 F.3d 1302 (11th Cir. 2009) (quoting Farlow v. Union Central Life Ins. Co., 874 F.2d 791, 795 (11th Cir. 1989)). The Georgia legislature did not provide for a private cause of action in either statute relied upon by the Plaintiff; additionally, the Georgia courts have not recognized a private cause of action under either statute.[3] This Court will follow the example set by the Eleventh Circuit, and will not read a private right of action into these state laws where the Georgia courts and Georgia legislature have not done so. As a result, Plaintiff is unable to show that she is entitled to relief under either statute.

Plaintiff also states that her cause of action is brought pursuant to 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), and 18 U.S.C. § 1964(c), commonly known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"). A RICO violation can occur only when an enterprise engages in interstate or foreign commerce or when an enterprise's activities affect interstate or foreign commerce. See 18 U.S.C. § 1962. Plaintiff has not alleged that the Defendants are engaging in interstate or foreign commerce or that the Defendants' activities affect interstate or foreign commerce. As a result, Plaintiff is unable to show that she is entitled to relief under RICO.

---

[3] Moreover, O.C.G.A. § 45-10-80 specifically calls for reimbursement to the state without mentioning the rights of individuals who might be harmed by the actions prohibited, implying that there should be no private right of action. In addition, O.C.G.A. § 45-10-1 is a "Code of Ethics" with no liability of any sort, criminal or civil, mentioned.

## CONCLUSION

Plaintiff's Application to Proceed in forma pauperis is **DENIED**. Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE